UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ELIGO ENERGY LITIGATION                                                              MDL No. 3169

ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendants in the four actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of New York. Plaintiffs in those actions oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs are Eligo customers who allege that their contracts with Eligo cabined Eligo's discretion to set its variable rates for electricity and natural gas. According to plaintiffs, Eligo instead set its variable rates based on an assessment of how high a rate it could charge before experiencing too much customer attrition. All plaintiffs assert claims for breach of contract and seek compensatory and punitive damages. The actions likely will share some factual questions, as the complaints each include allegations that Eligo had a uniform practice for setting variable utility rates based on how much money it thought it could extract from customers rather than the formula set by its contracts with its customers.

In our view, centralization is not warranted for this small group of actions. "These are, at bottom, fairly straight-forward contract and misrepresentation actions." *In re Recore Antitrust Litig.*, 730 F. Supp. 3d 1355, 1356 (J.P.M.L. 2024). The actions now before us appear to involve distinct contracts and likely will necessitate significant case-specific discovery. Plaintiffs in each action assert their claims against a different state-specific Eligo entity. In the Southern District of New York *Brous* action listed on Schedule A, Eligo asserted that each of its state-specific subsidiaries uses a different contract tailored to the state where it operates. Eligo also argued that plaintiffs in each state would need different proof to substantiate their claims against Eligo. So, while plaintiffs similarly aver in each action that Eligo overcharged customers on variable rate plans, each action may largely turn on unique factual questions.

Plaintiffs have amended, or have sought to amend, their complaints so that the actions will propose non-overlapping state or multi-state classes. This removes concern about courts reaching conflicting class certification decisions. The alleged factual distinctions among Eligo's contracts

---

[*] Judge Madeline Cox Arleo did not participate in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

in each state suggest there will be little duplicative discovery. Eligo objects to the possibility that its witnesses deposed in *Brous* may get re-deposed absent centralization, but that seems unavoidable because discovery in *Brous* was limited to Eligo's New York operations while the other actions will focus on Eligo's operations in different states.

Eligo's argument that informal coordination will not suffice here is not well taken. As we routinely state, "centralization under Section 1407 'should be the last solution after considered review of all other options.'" *Id.* at *2 (quoting *In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.,* 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012)). This litigation involves only two law firms litigating in four district courts in the Northeast. "The number of actions suggests that cooperation and informal coordination by the involved courts and counsel should be feasible." *In re Prevagen Prods. Mktg. & Sales Pracs. Litig.*, 283 F. Supp. 3d 1379, 1380 (J.P.M.L. 2017). Although plaintiffs have not agreed to specific discovery limits to all actions based on the scope of discovery in *Brous*, plaintiffs' position does not create an impasse on informal coordination. Each action appears to raise factual questions unique to an Eligo subsidiary and that subsidiary's state-specific contract. Those distinctions may justify applying only some, or none, of the Southern District of New York court's rulings from *Brous* to the actions pending in the Western District of Pennsylvania, the Southern District of Ohio, and the District of Maryland. Regardless, we encourage the parties to explore all available avenues of informal coordination.

Further weighing against centralization is that it may unnecessarily delay the proceedings in *Brous*, which is procedurally advanced. *See In re Sirius XM Radio, Inc. Tel. Consumer Prot. Act (TCPA) Litig.*, 118 F. Supp. 3d 1376, 1376–77 (J.P.M.L. 2015) (denying centralization when one "action is significantly advanced, with fact and expert discovery completed and class certification briefing poised to commence" while the "other actions remain at relatively initial stages of litigation" because centralization may delay proceedings in the advanced action). The court in *Brous* has already resolved over 20 disputes related to discovery of Eligo's New York operations, expert discovery is ongoing, and discovery closes in January 2026. In contrast, discovery has not advanced in the other three actions.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton  Roger T. Benitez
Dale A. Kimball

**IN RE: ELIGO ENERGY LITIGATION**　　　　　　　　　　　　　　MDL No. 3169

## SCHEDULE A

<u>District of Maryland</u>

WHITESIDE v. ELIGO ENERGY, LLC, ET AL., C.A. No. 1:25−02532

<u>Southern District of New York</u>

BROUS, ET AL. v. ELIGO ENERGY, LLC, ET AL., C.A. No. 1:24−01260

<u>Southern District of Ohio</u>

ORZOLEK v. ELIGO ENERGY, LLC, ET AL., C.A. No. 2:25−00078

<u>Western District of Pennsylvania</u>

BODKIN, ET AL. v. ELIGO ENERGY, LLC, ET AL., C.A. No. 2:25−00094